UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       - v. -

MARILYN JOHN,

           Defendant.

- - - - - - - - - - - - - - - - x

10 Cr. ( )

10 CRIM 435

### COUNT ONE

(Embezzlement of Federal Funds)

The United States Attorney charges:

### Background

1. At all relevant times to this Information, Carribean Women's Health Association ("CWHA") was a not-for-profit entity that provided services to low-income women and immigrants related to HIV/AIDS prevention, maternal and child health, and immigration. CWHA was funded primarily by grants from the United States Department of Health and Human Services, New York State, and the City of New York, processed through New York, New York, intended to promote public health education and outreach services in underserved communities.

2. At all times relevant to this Information, MARILYN JOHN, the defendant, was an employee of the New York City Department of Health and Mental Hygiene ("DHMH") in New York, New York. Between in or about July 2006 and in or about November

2007, JOHN took a personal leave of absence from DHMH and served as the Executive Director of CWHA.

### JOHN'S Embezzlement from CWHA

3. As set forth more fully below, during her tenure at CWHA, MARILYN JOHN, the defendant, embezzled approximately $58,544 in CWHA funds, by employing the following devices, among others:

    a. <u>Unauthorized Salary Increases</u>: JOHN's salary when she started at CWHA was $78,000, which had been approved by the CWHA Board of Directors (the "Board") as required by the CWHA bylaws. During her first eight months at CWHA, JOHN raised her salary from $78,000 to $99,000. Despite the fact that JOHN knew that increases in her salary required Board approval, JOHN did not obtain that approval before awarding herself salary increases. As a result, JOHN obtained $22,000 in payments to which she was not entitled as a bona fide salary, wages, or compensation.

    b. <u>Misappropriation of Grant Funds</u>: JOHN embezzled approximately $17,500 from a 2006 grant that CWHA received from the New York State Department of Health's NYS AIDS Institute (the "Institute") for the purpose of conducting HIV/AIDS education and outreach among Caribbean immigrants. JOHN obtained these funds by creating a false program report and vouchers describing HIV/AIDS outreach events allegedly conducted by CWHA under the terms of the grant, when in fact these events

had been conducted, if at all, by JOHN and a colleague, months before JOHN joined CWHA. JOHN also embezzled $5,000 from a second Institute grant by submitting an amended grant budget to the Institute that mis-allocated grant funds to her.

    c. <u>Unauthorized Consulting Fees</u>: JOHN embezzled an additional $18,000 in funds from a New York City Infant Mortality and Reproductive Health Initiative grant issued to CWHA by DHMH as consulting fees by falsely identifying herself as a CWHA "consultant" under the grant, even though she was the full-time Executive Director of CWHA.

    d. <u>Other Unauthorized Payments</u>: JOHN embezzled an additional $5,000 in funds from a grant awarded to CWHA by the Black Leadership Commission on AIDS and from unauthorized travel reimbursements.

Statutory Allegation

    4. From at least in or about July 2006, up to and including in or about November 2007, in the Southern District of New York and elsewhere, MARILYN JOHN, the defendant, being an agent of an organization that received, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance, unlawfully, willingly, and knowingly, did embezzle, steal, obtain by fraud, and otherwise without authority convert to the use of any person other than the rightful owner, and intentionally misapply, property that was

valued at $5,000 and more, and was owned by and was under the care, custody, and control of such organization, to wit, JOHN used various schemes and devices to embezzle approximately $58,544 for her personal benefit from CWHA, which received more than $10,000 from the United States Department of Health and Human Services.

(Title 18, United States Code, Sections 666 and 2).

## COUNT TWO

(Conspiracy to Commit Wire and Bank Fraud)

The United State Attorney further charges:

5.  From at least in or about February 2006, up to and including in or about March 2006, in the Southern District of New York and elsewhere, MARILYN JOHN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, to violate Sections 1343 and 1344 of Title 18, United States Code.

6.  It was a part and an object of the conspiracy that MARILYN JOHN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings,

signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

7.   It was further a part and an object of the conspiracy that MARILYN JOHN, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

Overt Acts

8.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   In or about February 2006, MARILYN JOHN, the defendant, submitted documents containing false income, employment, and liability information to Countrywide Mortgage Corporation, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), to procure home mortgage loans in the amounts of $352,000.00 and $88,000.00 for the purchase of a property located at 1324 Admiral Lane,

Uniondale, New York.

    b. In or about March 2006, JOHN submitted documents containing false income, employment, liability, and intended occupancy information to Aurora Bank, FSB, the deposits of which were then insured by the FDIC, to procure home mortgage loans in the amounts of $1,000,000.00 and $350,000.00 for the purchase of a property located at 449 West 162nd Street, New York, New York.

    c. In or about March 2006, JOHN submitted documents containing false income, employment, liability, and intended occupancy information to Weyerhaeuser Mortgage Company to procure home mortgage loans in the amount of $639,200.00 and $159,800.00 for the purchase of a property located at 203 Cathedral Avenue, Hempstead, New York.

    (Title 18, United States Code, Section 1349).

## FORFEITURE ALLEGATION

    9. As a result of committing the embezzlement offense alleged in Count One of this Information and the conspiracy to commit wire and bank fraud offense alleged in Count Two of this Information, MARILYN JOHN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real or personal, constituting or derived from proceeds traceable to the embezzlement offense alleged in Count One of this Information or to the conspiracy to commit wire and bank

fraud offense alleged in Count Two of this Information, including but not limited to at least $2,647,544 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the embezzlement and wire and bank fraud offenses.

<u>Substitute Asset Provision</u>

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

 (1) cannot be located upon the exercise of due diligence;

 (2) has been transferred or sold to, or deposited with, a third person;

 (3) has been placed beyond the jurisdiction of the Court;

 (4) has been substantially diminished in value; or

 (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 981;
        Title 21, United States Code, Section 853;
        Title 28, United States Code, Section 2461.)

        */s/ Preet Bharara*
        PREET BHARARA
        United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

- v. -

MARILYN JOHN,

Defendant.

**INFORMATION**

10 Cr.___ (__)

(18 U.S.C. §§ 666, 1349, and 2.)

PREET BHARARA
United States Attorney.